IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| JOSE LOPEZ, ) | | |
|     Plaintiff, ) | | JURY DEMANDED |
| ) | | |
| v. ) | | Case No.: 10 cv 6590 |
| ) | | Judge: John W. Darrah |
| ) | | Magistrate Judge: |
| RAM SHIRDI INC., d/b/a MOTEL 6 OF ) | | |
| CALUMET PARK, IL #4501, AND ) | | |
| AMERICAN HOTEL PARTNERS, INC. ) | | |
| d/b/a MOTEL 6, ) | | |
|     Defendant. ) | | |

**FIRST AMENDED COMPLAINT**

Plaintiff Jose Lopez ("Plaintiff"), by his undersigned attorney, and for his First Amended Complaint against Defendants, Ram Shirdi Inc., d/b/a Motel 6 of Calumet Park, IL #4501 ("Shirdi"), and American Hotel Partners, Inc. d/b/a Motel 6 ("American"), states as follows:

**NATURE OF THE CASE**

1. Plaintiff brings Count I against Shirdi and American under Title VII of the Civil Rights Act, 42 U.S.C. section 2000e, as amended.

2. Plaintiff brings Count II against Shirdi and American under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §201, *et seq*.

3. Plaintiff brings Count III against Shirdi and American under the Illinois Minimum Wage Law ("IMWL"), 820 ILCS 105/1, *et seq*.

4. This court has jurisdiction over this matter pursuant to 42 U.S.C. section 2000e, 28

U.S.C. § 1331, and 28 U.S.C. § 1367.

## JURISDICTION AND VENUE

5. Venue in the Northern District of Illinois, Eastern Division, is proper. The claim for relief arose in this state as required by 42 U.S.C. section 2000e.

6. All conditions precedent have been fulfilled by Plaintiff, including the filing of a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") of the United States Government and receipt of a right to sue letter. (**EEOC Charges and right to sue letter attached as Exhibit A**).

## PARTIES

7. Plaintiff is male and a resident of the State of Illinois.

8. That during all times relevant herein, Plaintiff was employed by Shirdi and American as an "employee" as defined by the FLSA, 29 U.S.C.§201 *et seq*.

9. That during all times relevant herein, Plaintiff was employed by Shirdi and American as an "employee" as defined by the IMWL, 820 ILCS §105/1 *et seq*.

10. Plaintiff was not an apprentice or trainee.

11. Plaintiff was not an independent contractor.

12. Shirdi is duly registered to conduct business in the State of Illinois.

13. At all times relevant herein, Shirdi has engaged in an industry affecting commerce and has had fifteen (15) or more employees for each working day in each of the twenty (20) or more calendar weeks in the current or preceding calendar year.

14. That during all times relevant herein, Shirdi was Plaintiff's "employer" as defined by the

FLSA, 29 U.S.C. §203(d)

15. That during all times relevant herein, Shirdi was Plaintiff's "employer" as defined by the IMWL, 820 ILCS §105/3 ( c).

16. At all times relevant herein, Shirdi was an employer engaged in interstate commerce, such as to make it subject to the FLSA.

17. American is duly registered to conduct business in the State of Illinois.

18. At all times relevant herein, American has engaged in an industry affecting commerce and has had fifteen (15) or more employees for each working day in each of the twenty (20) or more calendar weeks in the current or preceding calendar year.

19. That during all times relevant herein, American was Plaintiff's "employer" as defined by the FLSA, 29 U.S.C. §203(d)

20. That during all times relevant herein, American was Plaintiff's "employer" as defined by the IMWL, 820 ILCS §105/3 ( c).

21. At all times relevant herein, American was an employer engaged in interstate commerce, such as to make it subject to the FLSA.

22. That Shirdi and American shall collectively be referred to as "Defendants."

23. That at all times relevant herein, Pervez Akhtar ("Akhtar") was employed by Defendants as a Manager.

24. That at all times relevant herein, Akhtar had the power to hire employees.

25. That at all times relevant herein, Akhtar had the power to discipline employees.

26. That at all times relevant herein, Akhtar had the power to recommend discipline for employees.

27. That at all times relevant herein, Akhtar had the power to terminate employees.

28. That at all times relevant herein, Akhtar had the power to recommend termination of an employee.

29. That at all times relevant herein, Akhtar had the power to reduce the Plaintiff's hours.

30. That at all times relevant herein, Akhtar had the authority to authorize the payment of wages to Plaintiff.

31. That at all times relevant herein, Akhtar had the authority to sign checks from the company's checking accounts, including any payroll accounts.

32. At all times relevant herein, Mr. Vic (First Name Unknown) was employed by Defendants as a Manager.

33. That at all times relevant herein, Mr. Vic had the power to hire employees.

34. That at all times relevant herein, Mr. Vic had the power to discipline employees.

35. That at all times relevant herein, Mr. Vic had the power to recommend discipline for employees.

36. That at all times relevant herein, Mr. Vic had the power to terminate employees.

37. That at all times relevant herein, Mr. Vic had the power to recommend termination of an employee.

38. That at all times relevant herein, Mr. Vic had the power to reduce the Plaintiff's hours.

39. That at all times relevant herein, Mr. Vic had the authority to authorize the payment of wages to Plaintiff.

40. That at all times relevant herein, Mr. Vic had the authority to sign checks from the company's checking accounts, including any payroll accounts.

## COUNT I
## COMPLAINT OF RETALIATION DIRECTED AT DEFENDANTS

41. Plaintiff incorporates the preceding paragraphs by reference here.

42. That Plaintiff was hired by Defendants as a maintenance worker in approximately September of 2009.

43. That Plaintiff worked for Defendants at the Motel 6 facility located at 12800 S. Ashland Avenue, Calumet Park, Illinois 60827.

44. That throughout his employment with Defendant, Plaintiff was a conscientious employee who performed assigned tasks in an acceptable manner consistent with Defendant's standards and regulations.

45. That Plaintiff repeatedly resisted and opposed the sexual harassment Akhtar inflicted on female employees of Defendant.

46. That beginning in approximately December 2009, Akhtar told Plaintiff that Motel 6 employee Margarita Escobedo ("Escobedo") "needs a man who gives her sex." Plaintiff told Akhtar not to talk about Escobedo in that manner.

47. That on multiple occasions in December 2009, Akhtar asked Plaintiff to bring him a Mexican girl so he could "fuck her."

48. That in December 2009, Defendants held a holiday party for its employees at the 12800 South Ashland location.

49. That during the 2009 holiday party, Akhtar told Plaintiff, "I thought Escobedo would have dressed sexy." Plaintiff asked, "Why would you want her to dress sexy?" Akhtar did

5

not respond.

50. In approximately January 2010, Escobedo informed Plaintiff several times that Akhtar had been sexually harassing her at work, including asking her out on dates and directing offensive sexual comments to her.

51. In approximately Februrary 2010, Escobedo informed Plaintiff that Akhtar pulled down her pants and touched her genitals at work.

52. Through Plaintiff's conversations with Escobedo, he learned that Akhtar was sexually harassing other female employees as well.

53. That Defendant's employee Alma (Last Name Unknown) ("Alma") told Plaintiff that Akhtar attempted to kiss her once at work.

54. That during a conversation with Defendant's employee Brandon (Last Name Unknown "LNU"), Plaintiff learned that Akhtar had also harassed a female pool inspector during her inspection of the facility and that the harassment may have been the reason the pool was closed.

55. In approximately February 2010, Plaintiff confronted Akhtar about sexually harassing Escobedo and other female employees. During this conversation, Plaintiff told Akhtar that all the female employees were afraid of him and he should stop bothering the female employees. In response, Akhtar said, "I have a bad habit... girls." Plaintiff again told Akhtar to stop sexually harassing the female employees.

56. That on approximately February 22, 2010, Plaintiff complained to Defendant's manager Mr. Vic about Akhtar's behavior. During this conversation, Plaintiff informed Mr. Vic that Akhtar was sexually harassing female employees. In response, Mr. Vic asked

Plaintiff to provide a list of all the women he believed were being harassed.

57. Plaintiff gave Mr. Vic a list of female employees he believed were being sexually harassed by Akhtar, including Marta (LNU"), Irse (LNU), Alma, and Escobedo.

58. Plaintiff also provided Mr. Vic some of the details of the sexual harassment Akhtar inflicted onto the female employees, including that Akhtar attempted to kiss Alma and that Akhtar touched Escobedo's genitals.

59. Plaintiff also informed Mr. Vic that Akhtar sexually harassed a female pool inspector during her inspection, that as a result of her inspection the pool was closed, and that Plaintiff believed it was related to Akhtar's harassment of the inspector.

60. Mr. Vic informed Plaintiff he would look into his complaint. However, Mr. Vic never contacted Plaintiff regarding this issue again.

61. That on March 12, 2010, Plaintiff received a phone call from front clerk Mike LNU, informing Plaintiff he had been terminated, per Mr. Vic's order.

62. That Defendants terminated Plaintiff on approximately March 12, 2010 for openly opposing and resisting sexual harassment.

63. That Defendant's conduct placed Plaintiff in a position inferior to that of other employees, including the harasser.

64. That Defendant's conduct also placed Plaintiff in a position which was materially worse for opposing sexual harassment than those who did not oppose sexual harassment.

65. That this conduct by Defendants directed against Plaintiff for opposing harassment amounts to retaliation in violation of the law.

66. That Defendant's treatment of Plaintiff was motivated by evil motive and intent, and was

recklessly and callously indifferent to Plaintiff's federally protected rights.

67. That said retaliation adversely affected the terms and conditions of Plaintiff's employment with Defendant.

68. That as a direct and proximate result of said unlawful employment practices and disregard for Plaintiff's rights and sensibilities, Plaintiff has lost and will continue to lose substantial income, including, but not limited to, wages, fringes, pension, seniority benefits, and other employment benefits.

69. That as a further direct and proximate result of said unlawful employment practices, Plaintiff has suffered the indignity of discrimination, the invasion of his right to be free from discrimination, and great humiliation which is manifest in physical illnesses and emotional stress on the relationships between Plaintiff and his friends, family, and colleagues.

70. That as a further direct and proximate result of said unlawful employment practices, Plaintiff has suffered depression, extreme mental anguish, outrage, severe anxiety about his future and his ability to support himself, harm to his employability and earning capacity, shameful embarrassment among his friends, colleagues, and co-workers, damage to his reputation, disruption of his personal life, and loss of enjoyment of the ordinary pleasures of life.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that this Court provide the following equitable and legal remedies for relief:

  a. Advance this case on the docket, order a speedy hearing at the earliest practicable date and cause this case to be expedited in every possible way.

  b. Order a permanent injunction prohibiting Defendants from further acts of sexual discrimination, sexual harassment and retaliation.

  c. Award Plaintiff costs of litigation, including reasonable attorneys' fees and expert fees and expenses.

  d. Award Plaintiff a judgment against Defendants for reinstatement, backpay, front pay and other compensatory damages.

  e. Award Plaintiff prejudgment interest.

  f. Grant judgment against Defendants for punitive damages for willful and wanton conduct.

  g. Enter an order requiring Defendants to implement effective steps to eliminate sex discrimination and sexual harassment from Defendant's company.

  h. Grant such other and further relief as this Court deems just and proper.

## COUNT II
## COMPLAINT OF VIOLATION OF THE OVERTIME PROVISIONS OF THE FAIR LABOR STANDARDS ACT DIRECTED AT DEFENDANTS

71. Plaintiff incorporates the preceding paragraphs by reference here.

72. That this count arises from Defendant's violation of the FLSA for failure to pay overtime wages at the required rate of time and a half to Plaintiff for all time worked in excess of forty (40) hours per individual work week.

73. That Plaintiff performed maintenance services for Defendant. During the course of his employment with Defendant, Plaintiff was not exempt from the overtime wage provisions

9

of the FLSA.

74. During the course of his employment with Defendant, Plaintiff regularly worked in excess of forty (40) hours in individual work weeks.

75. That pursuant to 29 U.S.C. §207, Plaintiff was entitled to compensation at a rate of one and one half times his regular hourly rate of pay for all time worked in excess of forty (40) hours in individual work weeks.

76. That Defendants did not compensate Plaintiff at a rate of one and one-half times his regular hourly rate of pay for all time worked in excess of forty (40) hours in individual work weeks.

77. That Defendant's failure to pay overtime wages for all time worked in excess of forty (40) hours in individual work weeks was a violation of the FLSA.

78. That Defendants willfully violated the FLSA by refusing to pay Plaintiff overtime wages for all time worked in excess of forty (40) hours in individual work weeks.

79. That Defendant's conduct was willful and in bad faith, and caused significant damages to Plaintiff.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays that the Court provide the following equitable and legal relief:

a) Enter judgment in favor of the Plaintiff and against the Defendant;

b) Enter judgment in the amount of one and one-half times Plaintiffs' regular rate for all time Plaintiff worked in excess of forty (40) hours per week;

c) Award Plaintiff liquidated damages in an amount equal to the amount of unpaid

        overtime compensation found due;

d)    Award Plaintiff prejudgment interest, post-judgment interest and costs of litigation, including reasonable attorneys' fees and experts' fees and expenses;

e)    Grant such other and further relief as this Court deems just and proper.

## COUNT III
## VIOLATIONS OF THE OVERTIME WAGE PROVISIONS OF THE ILLINOIS MINIMUM WAGE LAW DIRECTED AT DEFENDANTS

80.    That Plaintiff incorporates the preceding paragraphs by reference herein.

81.    That this court arises from Defendant's violation of the overtime compensation provision of the IMWL.

82.    That during the course of his employment with Defendant, Plaintiff regularly worked in excess of forty (40) hours in individual work weeks.

83.    That pursuant to 820 ILCS 105/4a, Plaintiff was entitled to be compensated at one and one-half times his regular hourly rate of pay for all time worked in excess of forty (40) hours in individual work weeks.

84.    That Defendants failed to compensate Plaintiff at one and one-half times his regular hourly rate of pay for all time worked in excess of forty (40) hours in individual work weeks.

85.    That Defendant's failure to pay Plaintiff at a rate one and one-half times his regular hourly rate of pay for all time worked in excess of forty (40) hours in individual work weeks was a violation of the IMWL.

86. That Defendants willfully violated the IMWL by refusing to compensate Plaintiff a rate one and one-half times his regular hourly rate of pay for all time worked in excess of forty (40) hours in individual work weeks.

### **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully prays that the Court provide the following equitable and legal relief:

   a) Enter judgment in favor of the Plaintiff and against the Defendant;

   b) Award Plaintiff an amount equal to his unpaid overtime compensation;

   c) Award Plaintiff a penalty in the amount of 2% of the unpaid overtime wages per month for the length of the violation;

   d) Award Plaintiff prejudgment interest, post-judgment interest and costs of litigation, including reasonable attorneys' fees and experts' fees and expenses;

   e) Grant such other and further relief as this Court deems just and proper

                Respectfully Submitted,
                Jose Lopez,


                By: /s/Uche O. Asonye
                Uche O. Asonye
                One of his Attorneys


Uche O. Asonye - 6209522
Scott Fanning - 6292790
ASONYE & ASSOCIATES
39 South LaSalle Street, Suite 815
Chicago, Illinois 60603
(312) 795-9110
(312) 795-9114 (f)

## **JURY DEMAND**

NOW COMES the Plaintiff, Jose Lopez, by and through his attorney, and hereby demands a trial by jury in the above entitled cause of action.

                                              Respectfully Submitted,
                                              Jose Lopez,

                                              By: /s/Uche O. Asonye
                                              Uche O. Asonye
                                              One of his Attorneys

Uche O. Asonye - 6209522
Melissa Brabender - 6295954
ASONYE & ASSOCIATES
39 South LaSalle Street, Suite 815
Chicago, Illinois 60603
(312) 795-9110
(312) 795-9114 (f)

# EXHIBIT A

EEOC Form 5 (11/09)

| CHARGE OF DISCRIMINATION | Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|---|
| This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | [X] FEPA [X] EEOC | 0310-128 24E-2010-00110 |

Gary Human Relations Commission and EEOC
*State or local Agency, if any*

| Name (Indicate Mr., Ms., Mrs.) | Home Phone (Incl. Area Code) | Date of Birth |
|---|---|---|
| Mr. Jose L. Lopez | (219) 290-6401 | 07-09-1972 |

| Street Address | City, State and ZIP Code |
|---|---|
| 2610 Schrage Avenue, | Whiting, IN 46394 |

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. (If more than two, list under PARTICULARS below.)

| Name | No. Employees, Members | Phone No. (Include Area Code) |
|---|---|---|
| MOTEL 6/AMERICAN HOTEL PARTNERS, INC. | 15 - 100 | (708) 389-2600 |

| Street Address | City, State and ZIP Code |
|---|---|
| 12800 S. Ashland Avenue, | Calumet Park, IL 60827 |

EEOC Indianapolis District Office
MAR 2 2 2010
RECEIVED

| DISCRIMINATION BASED ON (Check appropriate box(es).) | DATE(S) DISCRIMINATION TOOK PLACE |
|---|---|
| [ ] RACE  [ ] COLOR  [X] SEX  [ ] RELIGION  [X] NATIONAL ORIGIN | Earliest: 02-22-2010   Latest: 03-12-2010 |
| [X] RETALIATION  [ ] AGE  [ ] DISABILITY  [ ] GENETIC INFORMATION  [ ] OTHER (Specify) | [X] CONTINUING ACTION |

THE PARTICULARS ARE (If additional paper is needed, attach extra sheet(s)):

I am a Hispanic employee who was hired by the Respondent September 2008. My most recent position was in Maintenance. Since making the Owner, Mr. Vic aware that my girlfriend and other female employees were being sexually harassed by the Respondent's Manager, Pervez Akhtar, a Pakistan Indian, I have been denied terms and conditions of employment afforded to the Respondent's Black Males. The last act occurred on March 12, 2010, when I was told not to come back to work until I receive a call from the Respondent Owner, Mr. Vic who is also a Pakistan Indian. Since then, I have tried to contact Mr. Vic and leaving messages for him to return my calls but he refuses to do so. I believe if I had not complained about the Manager's unwelcomed behavior towards the women, I would still have a job.

I believe that I have been discriminated in retaliation of my complaints about the manager's sexual harassment, and my national origin/Hispanic in violation of Title VII of the Civil Rights Act of 1964, as amended.

| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY – When necessary for State and Local Agency Requirements |
|---|---|
| | Mary E. Jones  /Mary Jones/   10/13/14 |
| I declare under penalty of perjury that the above is true and correct. | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief. SIGNATURE OF COMPLAINANT |
| | Jose L. Lopez  3-17-2010 |
| | SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE (month, day, year) |
| Date    Charging Party Signature | Mar 17, 2010 |

EEOC Form 5 (11/09)

# CHARGE OF DISCRIMINATION

This form is affected by the Privacy Act of 1974; See Privacy Act Statement before completing this form.

| AGENCY | CHARGE NUMBER |
|---|---|
| [X] FEPA [X] EEOC | 440-2010-04101 |

Equal Employment Opportunity Commission and EEOC
*State or local Agency, if any*

| NAME (Indicate Mr., Ms., Mrs.) | HOME TELEPHONE (Include Area Code) |
|---|---|
| Mr. Jose L. Lopez | 219-290-6401 |

| STREET ADDRESS | CITY, STATE AND ZIP CODE | DATE OF BIRTH |
|---|---|---|
| 2610 Schrage Avenue | Whiting, IN 46394 | 07-09-1972 |

NAMED IS THE EMPLOYER, LABOR ORGANIZATION, EMPLOYMENT AGENCY, APPRENTICESHIP COMMITTEE, STATE OR LOCAL GOVERNMENT AGENCY WHO DISCRIMINATED AGAINST ME (If more than one list below.)

| NAME | NUMBER OF EMPLOYEES, MEMBERS | TELEPHONE (Include Area Code) |
|---|---|---|
| Motel 6/AMERICAN HOTEL PARTNERS, INC. | 15-100 | (708) 389-2600 |

| STREET ADDRESS | CITY, STATE AND ZIP CODE | COUNTY |
|---|---|---|
| 12800 S. Ashland Avenue, | Calumet Park, IL 60827 | |

CAUSE OF DISCRIMINATION BASED ON (Check appropriate box(es))

[ ] RACE [ ] COLOR [ ] SEX [ ] RELIGION [ ] AGE
[X] RETALIATION [ ] NATIONAL ORIGIN [ ] DISABILITY [ ] OTHER (Specify)

DATE DISCRIMINATION TOOK PLACE
EARLIEST (ADEA/EPA): 02-08-2010    LATEST (ALL): Continuing
[X] CONTINUING ACTION

THE PARTICULARS ARE (If additional paper is needed, attach extra sheet(s)):

**ISSUE/BASIS**

1. I was retaliated against for opposing sexual harassment.

**PRIMA FACIE ALLEGATIONS**

1. My sex is male.
2. My job performance met Respondent's legitimate expectations. I began my employment on approximately September of 2008.
3. I opposed unlawful sexual harassment from my Supervisor.
4. In response, my Supervisor terminated me.
5. He further subjected me to unequal and inferior terms and conditions of employment.

RECEIVED EEOC
MAY 0 7 2010
CHICAGO DISTRICT OFFICE

I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or telephone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures.

NOTARY - (When necessary for State and Local Requirements)
Amanda Finney  5-6-2010

I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.

I declare under penalty of perjury that the foregoing is true and correct.

SIGNATURE OF COMPLAINANT
Jose L. Lopez

SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE (Day, month, and year) 5-6-10

Date 5-6-10   Charging Party (Signature) Jose L. Lopez

EEOC FORM 5 (10/94)

EEOC Form 161-B (11/09)     **U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

## NOTICE OF RIGHT TO SUE *(ISSUED ON REQUEST)*

| To: | Jose L. Lopez<br>2610 Schrage Avenue<br>Whiting, IN 46394 | From: | Chicago District Office<br>500 West Madison St<br>Suite 2000<br>Chicago, IL 60661 |
|---|---|---|---|

**CERTIFIED MAIL 7010 1870 0001 1856 6157**

[ ]    *On behalf of person(s) aggrieved whose identity is*<br>
      *CONFIDENTIAL (29 CFR §1601.7(a))*

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 24E-2010-00110 | Janel Smith,<br>Investigator | (312) 353-9194 |

*(See also the additional information enclosed with this form.)*

**NOTICE TO THE PERSON AGGRIEVED:**

**Title VII of the Civil Rights Act of 1964, the Americans with Disabilities Act (ADA), or the Genetic Information Nondiscrimination Act (GINA):** This is your Notice of Right to Sue, issued under Title VII, the ADA or GINA based on the above-numbered charge. It has been issued at your request. Your lawsuit under Title VII, the ADA or GINA must be filed in a federal or state court **WITHIN 90 DAYS** of your receipt of this notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

[X]    More than 180 days have passed since the filing of this charge.

[ ]    Less than 180 days have passed since the filing of this charge, but I have determined that it is unlikely that the EEOC will be able to complete its administrative processing within 180 days from the filing of this charge.

[X]    The EEOC is terminating its processing of this charge.

[ ]    The EEOC will continue to process this charge.

**Age Discrimination in Employment Act (ADEA):** You may sue under the ADEA at any time from 60 days after the charge was filed until 90 days after you receive notice that we have completed action on the charge. In this regard, the paragraph marked below applies to your case:

[ ]    The EEOC is closing your case. Therefore, your lawsuit under the ADEA must be filed in federal or state court **WITHIN 90 DAYS** of your receipt of this Notice. Otherwise, your right to sue based on the above-numbered charge will be lost.

[ ]    The EEOC is continuing its handling of your ADEA case. However, if 60 days have passed since the filing of the charge, you may file suit in federal or state court under the ADEA at this time.

**Equal Pay Act (EPA):** You already have the right to sue under the EPA (filing an EEOC charge is not required.) EPA suits must be brought in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that backpay due for any violations that occurred <u>more than 2 years (3 years)</u> before you file suit may not be collectible.

If you file suit, based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission

*(signature)* John P. Rowe,<br>
District Director

9/28/2010<br>
*(Date Mailed)*

Enclosures(s)

cc:    **MOTEL 6/AMERICAN HOTEL PARTNERS, INC.**

EEOC Form 161-B (11/09)     **U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

## NOTICE OF RIGHT TO SUE *(ISSUED ON REQUEST)*

| To: | Jose L. Lopez<br>2610 Schrage Avenue<br>Whiting, IN 46394<br><br>**CERTIFIED MAIL 7010 1870 0001 1856 6157** | From: | Chicago District Office<br>500 West Madison St<br>Suite 2000<br>Chicago, IL 60661 |
|---|---|---|---|

[ ] *On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))*

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 440-2010-04101 | Janel Smith,<br>Investigator | (312) 353-9194 |

*(See also the additional information enclosed with this form.)*

**NOTICE TO THE PERSON AGGRIEVED:**

**Title VII of the Civil Rights Act of 1964, the Americans with Disabilities Act (ADA), or the Genetic Information Nondiscrimination Act (GINA):** This is your Notice of Right to Sue, issued under Title VII, the ADA or GINA based on the above-numbered charge. It has been issued at your request. Your lawsuit under Title VII, the ADA or GINA must be filed in a federal or state court **WITHIN 90 DAYS** of your receipt of this notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

[ ] More than 180 days have passed since the filing of this charge.

[X] Less than 180 days have passed since the filing of this charge, but I have determined that it is unlikely that the EEOC will be able to complete its administrative processing within 180 days from the filing of this charge.

[X] The EEOC is terminating its processing of this charge.

[ ] The EEOC will continue to process this charge.

**Age Discrimination in Employment Act (ADEA):** You may sue under the ADEA at any time from 60 days after the charge was filed until 90 days after you receive notice that we have completed action on the charge. In this regard, **the paragraph marked below applies to your case:**

[ ] The EEOC is closing your case. Therefore, your lawsuit under the ADEA must be filed in federal or state court **WITHIN 90 DAYS** of your receipt of this Notice. Otherwise, your right to sue based on the above-numbered charge will be lost.

[ ] The EEOC is continuing its handling of your ADEA case. However, if 60 days have passed since the filing of the charge, you may file suit in federal or state court under the ADEA at this time.

**Equal Pay Act (EPA):** You already have the right to sue under the EPA (filing an EEOC charge is not required.) EPA suits must be brought in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that backpay due for any violations that occurred **more than 2 years (3 years)** before you file suit may not be collectible.

If you file suit, based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission

John P. Rowe,
District Director

9/28/10
*(Date Mailed)*

Enclosures(s)

cc:    **MOTEL 6/AMERICAN HOTEL PARTNERS, INC.**