UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JOSE LOPEZ, | ) |
|       Plaintiff, | ) ) ) |
|   v. | ) ) ) Case No. 10 C 6590 |
| RAM SHIRDI, INC. d/b/a MOTEL 6 OF CALUMET PARK, IL #4501 and AMERICAN HOTEL PARTNERS, INC. d/b/a MOTEL 6, | ) ) Judge John W. Darrah ) ) ) |
|       Defendants. | |

## MEMORANDUM OPINION AND ORDER

Plaintiff Jose Lopez ("Lopez") sued Defendants Ram Shirdi, Inc. ("Shirdi") and American Hotel Partners, Inc. ("AHP") (collectively, the "Defendants"), alleging retaliation and violations of Title VII of the Civil Rights Act, 42 U.S.C. § 2000e, *et seq.* ("Title VII"), the Illinois Human Rights Act, 775 ILCS 5/6-101, *et seq.* ("IHRA"), the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA"), and the Illinois Minimum Wage Law, 820 Ill. Comp. Stat. §§ 105/1, *et seq.* ("IMWL"), for failure to pay overtime wages. Defendants filed a Motion for Summary Judgment and Plaintiff filed a Motion for Partial Summary Judgment.

## BACKGROUND

*Local Rule 56.1*

Defendants have failed to comply with Local Rule 56.1 for the Northern District of Illinois ("Local Rule"), in filing their Motion for Summary Judgment and in opposing Plaintiff's Motion for Partial Summary Judgment. Local Rule 56.1(a)(3) requires the party moving for summary judgment to provide "a statement of material facts as to which

the moving party contends there is no genuine issue and that entitle the moving party to a judgment as a matter of law." Defendants failed to file a Local Rule 56.1(a)(3) statement of facts with their Motion for Summary Judgment. Defendants have attached exhibits to their Motion. (*See* Dkt. No. 124.)

Local Rule 56.1(b)(3)(B) requires the nonmoving party to admit or deny each factual statement proffered by the moving party and to concisely designate any material facts that establish a genuine dispute for trial. *See Schrott v. Bristol-Myers Squibb Co.*, 403 F.3d 940, 944 (7th Cir. 2005). In filing their "response" to Plaintiff's statement of facts, Defendants inexplicably restate each of Plaintiff's statements of fact. (*See* Dkt. No. 125-2.) Accordingly, because Defendants have failed to dispute Plaintiff's statements of fact and, instead, have adopted them as their own, Plaintiff's statements of fact are deemed admitted for purposes of summary judgment.

*Plaintiff's Allegations*

Lopez worked at a Motel 6 in Calumet Park, Illinois ("Motel 6"); the Motel 6 was operated and owned by Shirdi and AHP. (*Id*. ¶ 3.) Plaintiff was terminated from his employment at Motel 6 in March 2010, after speaking out against the alleged sexual harassment of female employees at Motel 6. (Sec. Am. Compl. ¶¶ 56-63.)

In Count I, Plaintiff brings a claim for retaliation under Title VII and the IHRA. In Count II, Plaintiff brings a claim for violation of the overtime provisions of the FLSA. In Count III, Plaintiff brings a claim for violation of the overtime provisions of the IMWL.

*Factual Background*

Plaintiff appeared on Defendants' payroll records from October 10, 2009 to February 28, 2010. (Pl.'s 56.1(a)(3) ¶ 1.) Shirdi and AHP were responsible for the supervision and enforcement of personnel policies working at the Motel 6. (*Id*. ¶ 4.) In 2009, Shirdi and AHP filed separate federal income tax returns. (*Id*. ¶ 5.)

Defendants employed fifteen or more employees in at least 34 weeks in 2009. (*Id*. ¶ 6.) Defendants employed fifteen or more employees in at least 48 weeks in 2010. (*Id*.) Defendants' payroll records demonstrate that from July 24, 2009, to December 4, 2011, Defendants employed over fifteen employees during each calendar week. (*Id*. ¶ 8.)

## LEGAL STANDARD

Summary judgment is proper "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The moving party bears the initial responsibility of informing the court of the basis for its motion and identifying the evidence it believes demonstrates the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-24 (1986). If the moving party meets this burden, the nonmoving party cannot rest on conclusory pleadings but "must present sufficient evidence to show the existence of each element of its case on which it will bear the burden at trial." *Serfecz v. Jewel Food Stores*, 67 F.3d 591, 596 (7th Cir. 1995) (citing *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 585-86 (1986)). A mere scintilla of evidence is not sufficient to oppose a motion for summary judgment, nor is a metaphysical doubt as to the material facts. *Robin v. Espo Eng. Corp.*, 200 F.3d 1081, 1088 (7th Cir. 2000)

(internal citation omitted). Rather, the evidence must be such "that a reasonable jury could return a verdict for the nonmoving party." *Pugh v. City of Attica, Ind.*, 259 F.3d 619, 625 (7th Cir. 2001) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)).

## ANALYSIS

*Defendants' Motion for Summary Judgment*

Defendants move for summary judgment as to all counts of Plaintiff's Second Amended Complaint. Defendants argue that "there is simply no credible evidence in the record that supports [P]laintiff's allegations as true. To the contrary, deposition testimony given by witnesses and the relevant documents produced by both parties establish that [P]laintiff's allegations are contrived." (Dkt. No. 124 at 4.) However, Defendants' Motion fails.

Defendants have failed to comply with Local Rule 56.1(a)(3), which requires a party moving for summary judgment to submit "a statement of material facts as to which the moving party contends there is no genuine issue and that entitle the moving party to a judgment as a matter of law." Local Rule 56.1(a)(3) further provides that, "Failure to submit such a statement constitutes grounds for denial of the motion." Importantly, the court is "entitled to expect strict compliance" with Local Rule 56.1. *Cichon v. Exelon Generation Co., L.L.C.*, 401 F.3d 803, 809–10 (7th Cir. 2005) (quoting *Ammons v. Aramark Unif. Servs., Inc.*, 368 F.3d 809, 817 (7th Cir. 2004)). Accordingly, Defendants' Motion could be denied on this ground alone. *See Iron Workers Tri State Welfare Plan v. Jaraczewski*, No. 02-cv-2586, 2002 WL

31854972, *1 (N.D. Ill. Dec. 19, 2002) (denying defendant's motion for summary judgment for failure to submit a statement of facts).

But even if Defendants' failure to comply with Local Rule 56.1 were overlooked, Defendants' Motion fails on the merits. At summary judgment, the Defendants must present evidence that demonstrates the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-24 (1986). Defendants have not presented such evidence. Defendants only cite the depositions of Motel 6 employees Lydia Soto and Brandon Franklin, in which they testify that they did not know why Plaintiff stopped working at Motel 6. This evidence alone fails to establish that there is no genuine issue of material fact as to Plaintiff's claims. For these reasons, Defendants' Motion for Summary Judgment is denied.

*Plaintiff's Motion for Partial Summary Judgment*

Plaintiff moves for partial summary judgment as to Count I of his Second Amended Complaint that Defendants are subject to Title VII. Plaintiff contends that Defendants refuse to amend their Answer and Request to Admit, in which Defendants deny that there is Title VII jurisdiction. Rule 56(a) provides that "A party may move for summary judgment, identifying each claim or defense – or *the part of each claim or defense* – on which summary judgment is sought." Fed. R. Civ. P. 56(a) (emphasis added).

Title VII defines "employer" as "a person engaged in an industry affecting commerce who has fifteen or more employees for each working day in each of twenty or more calendar weeks in the current or preceding calendar year." 42 U.S.C. § 2000e(b).

The phrase "current calendar year" refers to the year in which the alleged discrimination occurred. *Komorowski v. Townline Mini-Mart and Restaurant*, 162 F.3d 962, 965 (7th Cir. 1998). The "payroll method" is used to "determine whether an employment relationship exists between an individual and the alleged employer." *Mizwicki v. Helwig*, 196 F.3d 828, 831 (7th Cir. 1999) (citing *Walters v. Metro. Educ. Enter., Inc.*, 519 U.S. 202, 205-207 (1997)). "[T]o establish that the defendant is a Title VII employer, the plaintiff must introduce evidence of defendant's payroll records to prove that fifteen or more employees appeared on the employer's payroll for twenty or more calendar weeks in either the year of the alleged violation or the preceding year." *Id*.

Defendants have admitted that they employed at least fifteen employees during more than twenty weeks in both 2009 and 2010. Accordingly, because there is no genuine issue of fact that there is Title VII jurisdiction, Plaintiff's Motion for Partial Summary Judgment as to Count I is granted.

Plaintiff raises the issue of an award of fees to the Plaintiff because of Defendant's conduct regarding Plaintiff's claim for the first time in his reply brief in support of Plaintiff's Motion for Partial Summary Judgment. Accordingly, it was not considered in ruling on Plaintiff's Motion. *See Gonzales v. Mize*, 565 F.3d 373, 382 (7th Cir. 2009) (arguments raised for the first time in a reply brief are waived).

## CONCLUSION

For the reasons stated above, Defendants' Motion for Summary Judgment [124] is denied. Plaintiff's Motion for Partial Summary Judgment [121] is granted.

Date: June 19, 2013

_____
JOHN W. DARRAH
United States District Court Judge