UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

JOSE LOPEZ

    Plaintiff,

  v.

RAM SHIRDI INC., ET AL.,

    Defendants.

No. 10 CV 6590

Judge Manish S. Shah

**MEMORANDUM OPINION AND ORDER**

Plaintiff seeks to pierce the corporate veil and hold his former employers personally liable for retaliation in violation of Title VII of the Civil Rights Act and the Illinois Human Rights Act. Plaintiff also seeks to hold these individuals personally liable for failing to pay him overtime in violation of the Fair Labor Standards Act and the Illinois Minimum Wage Law. Defendants Vivak Khanna and Ajai Agnihotri, the owners of the now-bankrupt companies at issue, move to dismiss the complaint for lack of subject matter jurisdiction, arguing that the bankruptcy trustee alone has standing to bring these claims. These defendants further contend that plaintiff has failed to state a veil-piercing claim. For the following reasons, the motions are granted in part, and denied in part. The complaint is dismissed without prejudice for failure to state a claim.

I.  **Legal Standards**

   A.  **Standard Under Rule 12(b)(1)**

The standard under Rule 12(b)(1) depends on the motion's claim. *See Apex Digital, Inc. v. Sears, Roebuck & Co.*, 572 F.3d 440, 443-44 (7th Cir. 2009). If a defendant challenges the sufficiency of the allegations regarding subject matter jurisdiction, the court must accept all well-pleaded factual allegations as true and draw all reasonable inferences in favor of the plaintiff. *See Apex Digital*, 572 F.3d at 443-44; *G & S Holdings LLC v. Continental Casualty Co.*, 697 F.3d 534, 539 (7th Cir. 2012). If, however, the defendant denies or controverts the truth of the jurisdictional allegations, the court may look beyond the pleadings and view any evidence submitted to determine if subject matter jurisdiction exists. *See Apex Digital*, 572 F.3d at 443-44. "Where jurisdiction is in question, the party asserting a right to a federal forum has the burden of proof, regardless of who raises the jurisdictional challenge . . . ." *Craig v. Ontario Corp.*, 543 F.3d 872, 876 (7th Cir. 2008).

   B.  **Standard Under Rule 12(b)(6)**

"A motion under Rule 12(b)(6) tests whether the complaint states a claim on which relief may be granted." *Richards v. Mitcheff*, 696 F.3d 635, 637 (7th Cir. 2012). Under Rule 8(a)(2), a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The short and plain statement under Rule 8(a)(2) must "give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atlantic Corp. v.*

*Twombly*, 550 U.S. 544, 555 (2007) (quotation omitted). Under the federal notice pleading standards, a plaintiff's "[f]actual allegations must be enough to raise a right to relief above the speculative level . . . ." *Twombly*, 550 U.S. at 555. Put differently, a "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). "In reviewing the sufficiency of a complaint under the plausibility standard, [the court] accept[s] the well-pleaded facts in the complaint as true . . . ." *Alam v. Miller Brewing Co.*, 709 F.3d 662, 665-66 (7th Cir. 2013).

## II. Background

Defendant Vivak Khanna was president of the defendant corporations, Ram Shirdi, Inc. and American Hotel Partners, Inc., and defendant Ajai Agnihotri was their secretary. Dkt. 151 ¶¶46-47. At all relevant times, defendants[1] each owned 50 percent of these corporations. *Id.* ¶¶ 48-50. Defendants and their corporations were in the business of operating hotels. *See id.* ¶ 79.

In September 2009, defendants hired plaintiff Jose Lopez as a maintenance worker for their Motel 6 in Calumet Park, Illinois. Dkt. 151 ¶¶ 84-85. Plaintiff was never paid any overtime even though he regularly worked more than 40 hours a week. *Id.* ¶¶ 116-18.

---

[1] "Defendants" refers to movants Vivak Khanna and Ajai Agnihotri. Sometime after October 2011, Vivak Khanna transferred 90 percent of his ownership of both corporations to Gorav Khanna. Dkt. 151 ¶ 50. Gorav Khanna is also named as a defendant, but he has not yet responded to the complaint. For clarity of reference, I will at times refer to Vivak Khanna as Vivak.

3

Starting in December 2009, plaintiff became aware that a manager working for defendants, Pervez Akhtar, was sexually harassing some of defendants' female employees. *Id.* ¶¶ 25, 88-97. When plaintiff complained of Akhtar's behavior to Vivak, Vivak asked plaintiff for a list of all the women Akhtar had been harassing. *Id.* ¶ 98. Plaintiff gave Vivak the list as well as other details about Akhtar's harassment. *Id.* ¶ 99-101. Although Vivak told plaintiff he would look into it, Vivak never again spoke with plaintiff about the issue. *Id.* ¶ 102. Instead, Vivak terminated plaintiff a few weeks later. *Id.* ¶ 103.

Plaintiff filed this suit on October 14, 2010, alleging retaliation in violation of Title VII of the Civil Rights Act, 42 U.S.C. § 2000e, *et seq.*, and the Illinois Human Rights Act, 775 ILCS 5/6-101, *et seq.*, and failing to pay overtime in violation of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.*, and the Illinois Minimum Wage Law, 820 ILCS 105/1, *et seq.* Plaintiff originally named Ram Shirdi and American Partners as sole defendants, but he later amended his complaint to name Vivak Khanna and Ajai Agnihotri as well (likely because both corporations filed for bankruptcy on June 20, 2013, *see* Case Nos. 13-BK-25356 and 13-BK-25358 (N.D. Ill. Bankr.)). Dkt. 5; Dkt. 151. Although plaintiff brings his four substantive claims against only the corporations, he also seeks to hold defendants personally liable by piercing the corporate veil.[2] *See* Dkt. 151.

---

[2] Generally speaking, there is no individual liability under Title VII. *See EEOC v. AIC Securities Investigations, Ltd.*, 55 F.3d 1276, 1279-82 (7th Cir. 1995); *Williams v. Banning*, 72 F.3d 552, 553-55 (7th Cir. 1995). A recognized exception to this rule, however, is that shareholders can be made to pay for their company's Title VII violations to the extent a plaintiff can pierce the corporate veil. *See AIC*, 55 F.3d at 1282 n. 11; *Worth v. Tyer*, 276 F.3d 249, 262 (7th Cir. 2001).

Defendants move to dismiss plaintiff's complaint, arguing that he lacks standing to bring a veil-piercing claim and, thus, that I lack subject matter jurisdiction. Dkt. 160; Dkt. 166. Defendants also move to dismiss on the ground that plaintiff has failed to state a veil-piercing claim. *Id.*

III. Analysis

A. Motion to Dismiss for Lack of Subject Matter Jurisdiction

Defendants argue plaintiff lacks standing to bring his alter ego claim because the bankruptcy trustee alone has standing to do so. Defendants rely primarily on *Koch Refining v. Farmers Union Central Exchange, Inc.*, 831 F.2d 1339 (7th Cir. 1987). In *Koch Refining*, the Seventh Circuit held that only a bankruptcy trustee can bring certain alter ego claims under Illinois law. *See id.* at 1346. The court based its decision on two sections of the United States Bankruptcy Code. First, presuming corporations can pierce their own veils under Illinois law, the Seventh Circuit held that section 541 of the Code granted trustees exclusive standing to prosecute alter ego claims as property of the bankruptcy estate. *See id.* at 1343; 11 U.S.C. § 541. Second, the court held that section 544 of the Code granted trustees exclusive standing to bring Illinois alter ego claims to the extent they seek to remedy injuries felt generally by creditors as a class. *See Koch Refining*, 831 F.2d at 1342-43; 11 U.S.C. § 544.

Defendants argue that plaintiff's veil-piercing claim falls within the trustee's purview because the injury plaintiff alleges—that the corporations will not be able to pay any judgment plaintiff obtains for the corporations' retaliation and overtime

5

violations—is an injury felt by all creditors. Dkt. 162 at 4; Dkt. 168 at 4. Defendants also note plaintiff's allegation that defendants "dissipated" the corporations' assets "after learning of [p]laintiff's charge of discrimination and Federal Complaint." Dkt. 151 ¶ 78. This allegation, defendants argue, further demonstrates that plaintiff is seeking to usurp the trustee's power because dissipation of corporate assets harms every creditor. Dkt. 178 at 5.

Defendants' argument fails for two reasons. First, the Ram Shirdi and American Partners' bankruptcy trustee was discharged on August 8, 2013 and both cases were closed soon after. S*ee* Case Nos. 13-BK-25356 and 13-BK-25358 (N.D. Ill. Bankr.); Dkt. 151. As result, there is currently no trustee to bring plaintiff's alter ego claim under either section 541 or section 544. While reopening the cases could produce a trustee with exclusive power to bring plaintiff's claim (though not really, as discussed below), neither reopening a bankruptcy case nor appointing a trustee is an automatic operation certain to occur. *See In re Bianucci*, 4 F.3d 526, 528 (7th Cir. 1993) (a court has broad discretion when it comes to reopening cases and granting a motion to reopen is not mandatory); Fed. R. Bankr. P. 5010 (a trustee can be appointed in a reopened case only after obtaining from the court an express finding that one is *necessary* "to protect the interests of creditors and the debtor or to insure efficient administration of the case."). Therefore, until such uncertain events come to fruition, neither section 541 nor section 544 inhibits plaintiff's standing to prosecute his claim. *Accord Jackson v. Corporategear, LLC*, 2005 WL 3527148, *3 (S.D.N.Y. Dec. 21, 2005).

Second, even if the bankruptcy cases were open and a trustee were currently appointed, the trustee would not have the power to bring plaintiff's Illinois alter ego claim under either section. Regarding section 541, the *Koch Refining* court based its holding—that Illinois alter ego actions are section 541 property—on the presumption that Illinois law allows a corporation to pierce its own veil. 831 F.2d at 1345. Since the time *Koch Refining* was decided, however, the Illinois Supreme Court has made clear that an Illinois corporation cannot pierce its own veil. *In re Rehabilitation of Centaur Insurance Company*, 158 Ill.2d 166, 173-74 (1994). As result, plaintiff's alter ego action cannot constitute property of the debtor-corporations' estates under section 541, and thus no trustee could prosecute plaintiff's claim on that basis.

As for section 544, any trustee is now time-barred from bringing plaintiff's claim on behalf of creditors as a class. *See* 11 U.S.C. § 546. Under section 546, the latest a trustee can bring a claim under section 544 is when the bankruptcy case is closed or dismissed. 11 U.S.C. § 546(a). Here, both corporations' bankruptcy proceedings were closed in August 2013. S*ee* Case Nos. 13-BK-25356 and 13-BK-25358 (N.D. Ill. Bankr.). Since it is too late for any trustee to bring plaintiff's claim on this basis, section 544 does not inhibit plaintiff's standing to prosecute his claim.

In sum, I hold that plaintiff's veil-piercing claim does not fall within the exclusive control of a bankruptcy trustee. Defendants Ajai Agnihotri and Vivak Khanna's motions, Dkts. 160 and 166, are both denied as to lack of subject matter jurisdiction.

### B. Motion to Dismiss for Failure to State a Claim

Under Illinois law,[3] the corporate veil will be pierced if: "(1) there is such a unity of interest and ownership that the separate personalities of the corporation and the parties who compose it no longer exist, and (2) circumstances are such that adherence to the fiction of a separate corporation would promote injustice or inequitable circumstances." *Buckley v. Abuzir*, 2014 IL App (1st) 130469, ¶ 13 (1st Dist. 2014). Defendants argue only that the second prong of this test is not met. Dkt. 162 at 9-11; Dkt. 168 at 9-11.

The second prong of the veil-piercing analysis is best understood as asking if there has been an abuse of limited liability. *On Command*, 705 F.3d at 273. This requires something less than an affirmative showing of fraud, but something more than the mere prospect of an unsatisfied judgment. *Wachovia Securities, LLC v. Banco Panamericano, Inc.*, 674 F.3d 743, 756 (7th Cir. 2012). A plaintiff must show that the person to be held liable personally benefited from the alleged abuse of the corporate form. *See On Command*, 705 F.3d at 273-74.

---

[3] It is not clear that Illinois law governs veil piercing in this federal question case. *See United States v. Bestfoods*, 524 U.S. 51, 63 n. 9 (1998) (noting debate over whether state or federal common law controls veil piercing in case arising under the Comprehensive Environmental Response, Compensation, and Liability Act of 1980). Defendants cite *On Command Video Corp. v. Roti*, 705 F.3d 267, 272 (7th Cir. 2013) for the proposition that "[v]eil-piercing claims are governed by the law of the state of the corporation whose veil is sought to be pierced." Dkt. 162 at 9; Dkt. 168 at 9. Plaintiff impliedly agrees that this rule applies. Dkt. 171 at 8-11; Dkt. 173 at 8-11. However, in *On Command*, the court's jurisdiction was based not on a federal question, but on diversity of citizenship. 705 F.3d at 269. Nevertheless, because the parties do not argue the choice of law question, I will not disturb their assumption that Illinois law applies. *Bestfoods*, 524 U.S. at 63 n. 9; *Vukadinovich v. McCarthy*, 59 F.3d 58, 62 (7th Cir. 1995) ("choice of law, not being jurisdictional, is normally . . . waivable . . . .").

In *Sea-Land Services, Inc. v. Pepper Source*, the Seventh Circuit described the types of cases in which courts have found the second prong satisfied:

> [W]e see that the courts that properly have pierced corporate veils to avoid "promoting injustice" have found that, unless it did so, some "wrong" *beyond a creditor's inability to collect* would result: the common sense rules of adverse possession would be undermined; former partners would be permitted to skirt the legal rules concerning monetary obligations; a party would be unjustly enriched; a parent corporation that caused a sub's liabilities and its inability to pay for them would escape those liabilities; or an intentional scheme to squirrel assets into a liability-free corporation while heaping liabilities upon an asset-free corporation would be successful.

941 F.2d 519, 524 (7th Cir. 1991) (emphasis added).

Here, plaintiff believes he has pled sufficient facts to show that piercing the corporate veil would prevent a fraud or injustice. Dkt 171 at 9; Dkt. 173 at 9. Plaintiff contends that paragraphs 47, 49, 52, 54-57, 61-63, 65-66, 74, and 78 clearly demonstrate fraudulent and unjust behavior, and that these allegations depict "intentional wrongdoing" that rises to "an affirmative showing of fraud." Dkt 171 at 9-10; Dkt. 173 at 9-10.

I disagree, however, because plaintiff's well-pleaded facts do not permit me to infer more than the mere possibility of the abuse of limited liability. *See Iqbal*, 556 U.S. at 679. As *Twombly* and *Iqbal* instruct, I begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. *Id.* These conclusory pleadings include paragraphs 52 (defendants "used [the corporations] as their alter ego"); 79 (the corporations were "a mere façade for the hotel operations of [defendants]"); 80 ("[t]o the extent a corporate shell separates [defendants] any corporate formalities and limited liability should be

9

disregarded"); 81 ("adherence to the fiction of separate corporate existence would sanction a fraud or promote injustice"); and 82 ("this Court should pierce the corporate veil and hold [defendants] liable for [the corporations'] obligations").

Turning to the well-pleaded allegations, paragraphs 60 through 74 are about how various corporations controlled by defendants, including Ram Shirdi and American Partners, lacked horizontal corporate distinction. Dkt. 151 ¶¶ 60-74. While such allegations would be relevant if plaintiff were attempting a sideways piercing, *see On Command*, 705 F.3d at 273, they are not relevant to plaintiff's attempt to pierce through to defendants. Further, even if I were to favorably construe these allegations as relevant to plaintiff's claim, they are at best relevant only to the first prong of corporate veil-piercing (unity of interests), which defendants do not contest. Nothing about the absence of horizontal corporate distinction as pled suggests an effort by the individual defendants to personally skirt monetary obligations. Next, paragraphs 46 through 50 simply establish defendants' ownership of the corporations, while paragraphs 54 through 56, 75, and 76 are again relevant only to the first prong.

Thus, plaintiff is left with three allegations to state his claim—paragraphs 57 (the corporations "also paid Pervez Akhtar tens of thousands of dollars in management fees even though they claim he did not perform any management or managerial services in any way"); 77 (the corporations' "undercapitalization lead [sic] to the bankruptcy of [the corporations]"); and 78 ("upon information and belief [defendants] dissipated [the corporations'] assets and dissolved the entities after

learning of [p]laintiff's charge of discrimination and Federal Complaint"). Taken as true, these allegations do not demonstrate that "adherence to the fiction of a separate corporation would promote injustice or inequitable circumstances," *Buckley*, 2014 IL App (1st) 130469 at ¶ 13. First, that Akhtar received "tens of thousands of dollars in management fees" does not suggest that defendants purposely shifted funds to avoid paying a debt, or that *defendants* were otherwise unjustly enriched. *See Sea-Land*, 941 F.2d at 524. Plaintiff does not claim, for example, that defendants paid Akhtar as a means of covertly pocketing money themselves.

Second, while defendants dissipating the corporations into bankruptcy is consistent with a scheme to abuse the corporate form, paragraphs 77 and 78 are insufficient on their own to nudge plaintiff's veil-piercing claim "across the line from conceivable to plausible," *Twombly*, 550 U.S. at 570, because dissipation of corporate assets is as consistent with unjust enrichment as it is with the typical dealings of a downwardly spiraling business. Like a naked assertion of conspiracy in the antitrust context, a naked assertion of dissipation in the veil-piercing context "gets the complaint close to stating a claim, but without some further factual enhancement [e.g., that defendants transferred the assets to themselves for little or no consideration,] it stops short of the line between possibility and plausibility of entitlement to relief." *Id.* at 557 (quotation omitted).

Thus, defendants Ajai Agnihotri and Vivak Khanna's motions, Dkts. 160 and 166, are both granted for failure to state a claim.

### C. Overtime Claims

Finally, plaintiff argues defendants can be liable, without piercing the veil, for violations of the Fair Labor Standards Act and the Illinois Minimum Wage Law. Dkt. 171 at 11-12; Dkt. 173 at 11-12. As defendants correctly note, however, plaintiff's complaint does not allege substantive claims against defendants—only the veil-piercing claim. *See* Dkt. 151 ¶¶ 1-4, 16-17, 21-22, Count II Prayer (e), Count III Prayer (e). Because plaintiff cannot amend his complaint with his brief, *Pirelli Armstrong Tire Corp. Retiree Medical Benefits Trust v. Walgreen Co.*, 631 F.3d 436, 448 (7th Cir. 2011), I reject his argument.

### IV. Conclusion[4]

Defendant Ajai Agnihotri's motion, Dkt. 160, is denied as to lack of subject matter jurisdiction and granted for failure to state a claim. Defendant Vivak Khanna's motion, Dkt. 166, is denied as to lack of subject matter jurisdiction and granted for failure to state a claim. Plaintiff's complaint against these defendants is dismissed without prejudice.

ENTER:

　　　　　　　　　　　　　　　　　　　　　　　　　　
Manish S. Shah
United States District Judge

Date: 8/26/14

---

[4] Because I grant defendants' motions to dismiss on the ground that plaintiff has failed to state a veil-piercing claim, I do not reach their other arguments under Rule 12(b)(6).